UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN MYERS, et al.,

        Plaintiffs,

v.                                       **DECISION & ORDER**
                                                    13-CV-342S

BOARD OF EDUCATION OF THE BATAVIA
CITY SCHOOL DISTRICT,

        Defendant.

---

        1.      On May 2, 2014, this Court granted a joint motion, allowing the parties to dispense with the notice and fairness-hearing requirements of the Federal Rule of Civil Procedure 23(e)(1)–(2). (Docket No. 23.) Now all parties move for approval of a consent decree.

        2.      "A court may approve a class action settlement if it is fair, adequate, and reasonable, and not a product of collusion." Wal–Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005) (internal quotation marks omitted); Fed. R. Civ. P. 23(e).

Having reviewed the proposed consent decree, and the affidavits and memoranda submitted in support of the motion, this Court finds that consent decree's terms, reached as a result of "good faith, arms-length bargaining between experienced counsel" are "fair and adequate and are not unlawful, unreasonable, or against public policy." United States v. Ashland, 2008 WL 2074079, at *1 (W.D.N.Y. May 14, 2008) (quoting United States v. Hooker Chemicals & Plastics Corp., 540 F.Supp. 1067, 1072 (W.D.N.Y. 1982)); Cronas v. Willis Group Holdings, Ltd., 2011 WL 6778490, at *3 (S.D.N.Y. Dec. 19, 2011).

        3.      Courts often examine the "fairness, adequacy, and reasonableness" of a class settlement according to the nine factors enumerated in City of Detroit v. Grinnell

Corp., 495 F.2d 448, 463 (2d Cir.1974):

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Wal–Mart, 396 F.3d at 117. This Court finds that the proposed consent decree warrants approval because it addresses nearly all the concerns raised in Plaintiff's complaint, and further, to the extent they are relevant, the Grinnell factors are satisfied. Specifically, the consent decree, among other things, compels the School District to:

- Reaffirm – and insert new language in its Title IX policy – its commitment to compliance with its obligations to ensure gender equality in the operation of its athletic programs.

- Complete a series of field modifications – including removal of rocks and gravel; filling in any holes or divots; installation of a fence-top safety cap on the portion of the track and field fencing which borders the softball outfield; and incorporation into the infield area of seventy tons of new athletic field mix of a type and quality equal to that which is used on the infield areas of the School District's baseball facilities.

4. This affords Plaintiffs their desired relief but saves all parties the added expense and time of protracted litigation. Accordingly, the consent decree is approved.

****

IT HEREBY IS ORDERED, that under Federal Rule of Civil Procedure 23(e), the consent decree is APPROVED and the motion seeking this relief (Docket No. 24) is GRANTED.

FURTHER, that the settling parties are directed to perform in accordance with the terms set forth in the consent decree.

FURTHER, that all claims asserted in this lawsuit are DISMISSED with prejudice, but this Court retains jurisdiction over any ancillary dispute arising out of paragraphs 17-19 of the consent decree. By its terms, this Court also retains jurisdiction to enforce the consent decree.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 24, 2014
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court